UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROYCE DENTON MCLIN<br>*Plaintiff* | * * * | |
| VERSUS | * * * | Civil Action No.<br>3:13-CV-00538-SDD-RLB |
| JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF LIVINGSTON PARISH, LPSO DETECTIVE BANJAMIN THOMAS BALLARD, LPSO DETECTIVE JACK R. ALFORD, JR., LPSO MAJOR STAN CARPENTER, LPSO LIEUTENANT COLONEL BRIAN P. SMITH, LPSO DETECTIVE BONITA G. SAGER, LPSO DEPUTY WILLIAM "WILLIE" DORSEY, COUNCLIMAN JAMES R. "JIM" NORRED, JR., COUNCILWOMAN CYNTHIA G. "CINDY" WALE, AND COUNCILMAN CHANCE MCGREW PARENT<br>*Defendants* | * * * * * * * * * * * * * | |

**************************************************************************

## MOTION TO DISMISS, PURUSANT TO *FRCP RULE 12(b)(6)*, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**NOW INTO COURT**, through undersigned counsel, come defendants James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew Parent who, appearing herein solely for purposes of this motion, respectfully state:

1.

Plaintiff himself concedes in his complaint that, at all material times, movers Mr. Norred, Ms. Wale, and Mr. Parent were acting in their capacity as members of the Livingston Parish Council. (Doc. 1, at Paragraphs 81 and 82).

2.

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Whether a government official is entitled to qualified immunity "generally turns on the 'objective reasonableness of the action' assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Texas Faculty Association v. University of Texas at Dallas*, 946 F.2d 379, 389 (5th Cir.1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)). If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1990).

3.

Movers' actions were objectively reasonable in light of the legal rules that were established at the time those actions were taken. At the very least, reasonable public officials could differ on the lawfulness of movers' actions.

4.

Accordingly, plaintiff's Complaint fails to state a claim upon which relief can be granted as to James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew Parent.

5.

Plaintiff also claims that movers were "*de facto* employer(s)" of the law enforcement co-defendants because the sheriff's office is purportedly "an entity which derives significant funding at the will and whim of the Livingston Parish Council". (Doc. 1, at Paragraph 29).

6.

However, the applicable law is clear in that there is no vicarious liability on the part of a parish (and, therefore, on the part of the parish's council members) for the actions of a sheriff or any of his deputies since the sheriff's office exists and functions independently of the governing body of the parish and therefore the parish exercises no control or discretion over the sheriff's actions. *Brister v. Jefferson Parish*, 393 So.2d 883, 884 (La. App. 4th Cir. 1981).

7.

Accordingly, in the alternative – and only in the event that this Honorable Court might for some reason not dismiss plaintiff's claims against movers in their entirety – movers respectfully that the Court dismiss plaintiff's claims against them for purported respondeat superior liability for the actions of the law enforcement co-defendants under *FRCP Rule 12(b)(6)*.

**WHEREFORE**, defendants James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew Parent respectfully request that this Honorable Court grant this motion and dismiss planitiff's claims against them in above entitled and numbered cause, pursuant to *FRCP Rule 12(b)(6)*, for failure to state a claim upon which relief can be granted, with prejudice, at plaintiff's costs. Alternatively – and only in the event that this Honorable Court might for some reason not dismiss plaintiff's claims against movers in their entirety – movers respectfully that the Court dismiss plaintiff's claims against them for purported respondeat superior liability for the actions of the law enforcement co-defendants under *FRCP Rule 12(b)(6)*.

Respectfully submitted,

**MOODY LAW FIRM**

*s/ Christopher Moody*
Christopher Moody, LA Bar Roll No. 9594
Albert D. Giraud, LA Bar Roll No. 18911
1250 Southwest Railroad Ave., Suite 130
Hammond, Louisiana 70403
Telephone: (985) 542-1351
Telecopier: (985) 542-1354

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, and/or by Electronic Notice. Hammond, Louisiana, this 3rd day of September, 2013.

*s/ Christopher Moody*
Christopher Moody