UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROYCE DENTON MCLIN *<br>*Plaintiff* *<br>*<br>VERSUS *<br>*<br>*<br>*<br>*<br>JASON GERALD ARD, IN HIS CAPACITY AS *<br>SHERIFF OF LIVINGSTON PARISH, LPSO *<br>DETECTIVE BANJAMIN THOMAS BALLARD, *<br>LPSO DETECTIVE JACK R. ALFORD, JR., *<br>LPSO MAJOR STAN CARPENTER, LPSO *<br>LIEUTENANT COLONEL BRIAN P. SMITH, *<br>LPSO DETECTIVE BONITA G. SAGER, LPSO *<br>DEPUTY WILLIAM "WILLIE" DORSEY, *<br>COUNCLIMAN JAMES R. "JIM" NORRED, JR., *<br>COUNCILWOMAN CYNTHIA G. "CINDY" *<br>WALE, AND COUNCILMAN CHANCE *<br>MCGREW PARENT *<br>*Defendants* * | Civil Action No.<br>3:13-CV-00538-SDD-RLB |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, PURUSANT TO *FRCP RULE 12(b)(6)*, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

MAY IT PLEASE THE COURT:

Plaintiff Royce Denton McLin's claims against movers James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew Parent in his Complaint (Doc. 1) basically arise out of the signing by them of sworn criminal complaints against plaintiff for Criminal Defamation, a violation of *Louisiana Revised Statute 14:47*. (Doc. 1, at Paragraphs 9 through 12, and 37 through 39).

Movers James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew Parent respectfully submit that they are entitled to qualified immunity for the alleged actions on their part set forth by plaintiff in his Complaint.

Plaintiff alleges at Paragraphs 81 and 82 of his complaint (Doc. 1) that:

"81. To the extent not heretofore alleged, at all times herein relevant, Defendants Norred, Wale, and/or Parent were acting for and at the behest of Defendant Jason Gerald Ard, in his capacity as Sheriff of Livingston Parish and/or in their respective capacities as members of the Livingston Parish Council.

82. It is specifically alleged the actions of Defendants Norred, Wale, and/or Parent – individually and as expressly and/or tacitly approved by Defendants Jason Gerald Ard, in his capacity as Sheriff of Livingston Parish and/or these named defendant Council members (in their respective capacities as members of the Livingston Parish Council) – were made and done in direct contravention and violation of the fundamental and core protections afforded to Mr. McLin by the First, Fourth, and Fifth Amendments as extended to the States through the Fourteenth Amendment."

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Qualified immunity is available to state officials sued for constitutional violations pursuant to 42 U.S.C. § 1983. See *Harlow*, 457 U.S. at 818 n. 30, 102 S.Ct. at 2738 n. 30 (citing *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). A discretionary function involves personal deliberation, decision and judgment. *Murray v. Earle*, 405 F.3d 278, 294 (5th Cir. 2005).

Qualified immunity has been recognized to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).Whether a government official is entitled to qualified immunity "generally turns on the 'objective reasonableness of the action' assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Texas Faculty Association v. University of Texas at Dallas*, 946 F.2d 379, 389 (5th Cir.1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)). The standard is formulated at this level of generality in order to afford the measure of protection that the doctrine is intended to confer. See *Anderson*, 483 U.S. at 639-40, 107 S.Ct. at 3039. If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1990).

In making it a criminal offense, *LSA-R.S. 14:47*, in pertinent part, defines defamation as the malicious publication or expression in any manner, to anyone other than the party defamed, of anything which tends to expose any person to hatred, contempt, or ridicule. As per Louisiana law, words are considered defamatory per se if, by their nature, they tend to injure one's personal or professional reputation. *Brown v. Connor*, 03-282 (La. App. 5th Cir. 10/15/03), 860 So.2d 27.

The statements contained in the internet posting in question were as follows: "[T]he SUE HAPPY SEVEN COUNCILMEN better watch their backsides because they each have a past and it's about to tear them a new one. The only way to 'fix' this problem with these fools is to take them out…lets see, what was that I heard about Mr. Blackwells arrest record, Who's husband was that Mrs. Wales? Mr. Harris got a big contract with who, through what company?, Mr. Norred used to wear what kind of hat and robe? Mr. Parent is not married because what kind of marriage is not legal in this state?". (Exhibit "A"). Movers respectfully submit that there can be

no good faith argument that those statements did not "tend to expose [movers] to hatred, contempt, or ridicule" or that said statements did not "tend to injure [movers'] personal or professional reputation". *LSA-R.S. 14:47. Brown*, supra. Not only were the contents of said posting defamatory, per se, but the viciousness of same and the threats that same implied understandably caused movers considerable emotional distress.

Movers respectfully submit that it is plaintiff himself who concedes in his complaint that, prior to the signing and submitting by defendants Mr. Norred, Ms. Wale, and Mr. Parent of their sworn criminal complaints, a police investigation was conducted which confirmed via Louisiana State Police forensic analysis that what said defendants reasonably believed to have been criminally defamatory statements about them had been published on the internet from one of plaintiff's laptop computers. (Doc. 1, at Paragraphs 40 through 56).

Movers respectfully submit that – if the statements at issue herein were by the very definition in the statute in violation of *LSA-R.S. 14:47* and, prior to the signing and submitting by movers of their sworn criminal complaints, a police investigation was conducted which confirmed via Louisiana State Police forensic analysis that what movers reasonably believed to have been criminally defamatory statements about them had been published on the internet from one of plaintiff's laptop computers (Doc. 1, at Paragraphs 40 through 56) – movers are at least entitled to a holding that their actions were reasonably objective in light of the legal rules that were established at the time they were taken. *Texas Faculty Association v. University of Texas at Dallas*, 946 F.2d 379, 389 (5th Cir.1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)). At the very least, movers are entitled to a holding that reasonable public officials could differ on the lawfulness of movers' actions. Accordingly, movers are entitled to qualified immunity. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th

Cir.1990). Plaintiff has therefore failed to state a claim against movers upon which relief can be granted and movers are entitled to a dismissal of plaintiff's claims against them under *FRCP Rule 12(b)(6)*.

In the alternative – and only in the event that this Honorable Court might for some reason not dismiss plaintiff's claims against movers in their entirety – movers respectfully submit that plaintiff fails to state a claim against movers upon which relief can be granted at Paragraphs 29 through 33 of his complaint. (Doc. 1). There, plaintiff attempts to claim that movers were "*de facto* employer(s)" of the law enforcement co-defendants because the sheriff's office is purportedly "an entity which derives significant funding at the will and whim of the Livingston Parish Council". (Doc. 1, at Paragraph 29). Plaintiff claims that movers thus should be liable for the law enforcement co-defendants' action under some sort of theory of respondeat superior. (Doc. 1, at Paragraph 30). However, the applicable law is clear in that there is no vicarious liability on the part of a parish (and, therefore, on the part of the parish's council members) for the actions of a sheriff or any of his deputies since the sheriff's office exists and functions independently of the governing body of the parish and therefore the parish exercises no control or discretion over the sheriff's actions. *Brister v. Jefferson Parish*, 393 So.2d 883, 884 (La. App. 4th Cir. 1981). Accordingly, in the alternative – and only in the event that this Honorable Court might for some reason not dismiss plaintiff's claims against movers in their entirety – movers respectfully that the Court dismiss plaintiff's claims against them for purported respondeat superior liability for the actions of the law enforcement co-defendants under *FRCP Rule 12(b)(6)*.

For these reasons, defendants James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew Parent respectfully request that this motion to dismiss, pursuant to *FRCP Rule*

*12(b)(6)*, be granted, and that the above entitled and numbered cause be dismissed, with prejudice, at plaintiff's costs. Alternatively – and only in the event that this Honorable Court might for some reason not dismiss plaintiff's claims against movers in their entirety – movers respectfully that the Court dismiss plaintiff's claims against them for purported respondeat superior liability for the actions of the law enforcement co-defendants under *FRCP Rule 12(b)(6)*.

                                          Respectfully submitted,

                                          **MOODY LAW FIRM**

                                          *s/Christopher M. Moody*
                                          Christopher Moody, LA Bar Roll No. 9594
                                          Albert D. Giraud, LA Bar Roll No. 18911
                                          1250 Southwest Railroad Ave., Suite 130
                                          Hammond, Louisiana 70403
                                          Telephone: (985) 542-1351
                                          Telecopier: (985) 542-1354

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, and/or by Electronic Notice. Hammond, Louisiana, this 3rd day of September, 2013.

                                                  *s/Christopher M. Moody*
                                                Christopher M. Moody