UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROYCE DENTON MCLIN,<br>    *Plaintiff*<br><br>V.<br><br>JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF LIVINGSTON PARISH, LPSO DETECTIVE BENJAMIN THOMAS BALLARD, LPSO DETECTIVE JACK R. ALFORD, JR., LPSO MAJOR STAN CARPENTER, LPSO LIEUTENANT COLONEL BRIAN P. SMITH, LPSO DETECTIVE BONITA G. SAGER, LPSO DEPUTY WILLIAM "WILLIE" DORSEY, COUNCILMAN JAMES R. "JIM" NORRED, JR., COUNCILWOMAN CYNTHIA G. "CINDY" WALE, AND COUNCILMAN CHANCE MCGREW PARENT,<br>    *Defendants* | CIVIL ACTION NO.: 3:13-CV-00538-SDD-RLB<br>JUDGE SHELLY DECKERT DICK<br>MAGISTRATE RICHARD LEWIS BOURGEOIS, JR. |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FILED BY JAMES R. "JIM" NORRED, JR., CYNTHIA G. "CINDY" WALE, AND CHANCE MCGREW PARENT [REC. DOC. 2]**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff herein, **Royce Denton McLin**, who files this Memorandum in Opposition to the Motion to Dismiss Filed by James R. "Jim" Norred, Jr., Cynthia G. "Cindy" Wale, and Chance McGrew Parent [Rec. Doc. 2] and who, with respect to same, does hereby allege, aver, depose, attest, state and claim as follows:

**I.    SYLLABUS:**

Defendants Councilman James R. "Jim" Norred, Jr. ("Norred"), Councilwoman Cynthia G. "Cindy" Wale ("Wale"), and Councilman Chance McGrew Parent ("Parent") allege they are entitled to be shielded from liability for civil damages in accordance with principles of qualified immunity. Rec. Doc. 2, p. 2, paras. 2-3. Alternatively, Defendants Norred, Wale, and Parent

- 1 -

allege they are free from any vicarious liability "for the actions of a sheriff or any of his deputies." Rec. Doc. 2, p. 3, para. 6. On either of these alternative bases, Defendants ask this Court to "dismiss planitiff's [sic] claims against them in above entitled and numbered cause, pursuant to FRCP Rule 12(b)(6)." Rec. Doc. 2, p. 3.

The qualified immunity defense raised in a 12(b)(6) motion is properly denied when "the plaintiffs sufficiently allege a violation of established law." Morgan v. Swanson, 610 F.3d 877, 882 (5th Cir. 2010), *citing* Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Further, and in accordance with Austin v. Borel, 830 F.2d 1356, 1363 (5th Cir. 1987), a plaintiff who alleges a violation of "clearly established" law may avoid adjudication of the qualified immunity defense until *after* ample time is afforded to conduct discovery and "uncover evidence." Finally, Livingston Parish operates under a Home Rule Charter whereby the local government officials—including Defendants—are provided with the authority to exercise any power and perform any function necessary, requisite, or proper for the management of Parish affairs. La. Const. Art. VI, Sec. 5.

## II.   FACTUAL BACKGROUND:

Plaintiff filed this Complaint seeking an award of all compensatory and punitive damages as are reasonable, fair, and just in the premises and which are commensurate with the Plaintiff's damages and the Defendants' reprehensible conduct. In particular, on or about August 16, 2012, Mr. McLin was issued a Misdemeanor Summons alleging Plaintiff was guilty on three (3) counts of having violated La. R.S. 14:47, Criminal Defamation. His Summons with its incorporated charges was based upon three (3) facially-invalid arrest warrants maliciously concocted through the individual and concerted efforts of Defendants Norred, Wale, and Parent.

The singular basis for the charge against Plaintiff was La. R.S. 14:47, a statute largely

- 2 -

Case 3:13-cv-00538-SDD-RLB   Document 4   09/24/13   Page 2 of 10

declared unconstitutional by the United States Supreme Court more than forty-seven (47) years before Mr. McLin's August 16, 2012, arrest, detention, and prosecution as made subject of this litigation. Simmons v. City of Mamou, 09-663 (W.D.La. 03/15/2012), --- F.Supp.2d ---, 2012 WL 912858, *citing* Garrison v. State of Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L .Ed.2d 125 (1964). Plaintiff's Complaint alleged this glaring defect in the underlying Summons, and it also noted that criminal arrest and prosecutions in retaliation for the exercise of free speech constitute "official action offending the Constitution," and entitle those violated to recovery. Hartman v. Moore, 547 U.S. 250, 256, 126 S.Ct. 1695, 1701, 164 L.Ed.2d 441 (2006).

On August 16, 2012, and following a protracted investigation, Defendant Benjamin Thomas Ballard drafted three (3) separate warrants for Plaintiff McLin's arrest—warrants which were fatally flawed where Defendant Ballard and his participating cohorts (including Norred, Wale, and Parent) conspired to allege "misconduct" by Plaintiff McLin falling far outside the strict, post-Garrison definition of criminal defamation—materially false and malicious allegations which by mere virtue of their authorship necessarily constitute "official action offending the Constitution" by all party defendants. Defendant Ballard's arrest warrants were based upon sworn criminal complaints lodged by Defendants Norred, Wale, and Parent, all public officials and members of the Livingston Parish Council.

In particular, Defendants Norred, Wale, and Parent swore out affidavits contending they were each respectively subjected to "criminal defamation" as a result of certain comments and statements alleged to have been posted onto the social media website "Facebook" by Mr. McLin. They further alleged Mr. McLin created an anonymous Facebook profile / account and used the said account to post disparaging comments to a news story published by an unrelated journalistic enterprise, "Livingston Daily Times."

- 3 -

Case 3:13-cv-00538-SDD-RLB   Document 4   09/24/13   Page 3 of 10

Even assuming arguendo every single syllable of every statement made by Defendants Norred, Wale, and Parent were completely true, Mr. McLin's alleged statements merely constituted criticism of official conduct of public officials—protected acts of individual free speech against which governmental officials are Constitutionally prohibited from retaliating. See, *e.g.*, Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002); Colson v. Grohman, 174 F.3d 498, 508 (5th Cir. 1999). Mr. McLin voluntarily surrendered unto the Livingston Parish Sheriff's Office, and following several months in which these charges remained pending, on December 19, 2012, the Assistant District Attorney dismissed all of the formal charges against Mr. McLin as previously made subject of Defendant Ballard's three (3) arrest warrants.

### III. LAW AND ARGUMENT:

The main impetus of Defendants' current Motion to Dismiss [Rec. Doc. 2] is that they are entitled to qualified immunity: "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." Pfannstiel v. City of Marion, 918 F.2d 1178, 1183 (5th Cir. l990)." Rec. Doc. 2-1, p. 3. Defendants attempt to argue the prosecution of the Plaintiff which they fostered under La. R.S. 14:47 was made upon a reasonable belief of Plaintiff's guilt—a point which overlooks the statute's clear history of being largely declared unconstitutional by the United States Supreme Court more than forty-seven (47) years before the August 16, 2012, arrest, detention, and prosecution made subject of this litigation. Simmons v. City of Mamou, 09-663 (W.D.La. 03/15/2012), --- F.Supp.2d ---, 2012 WL 912858, *citing* Garrison v. State of Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L .Ed.2d 125 (1964).

Defendants' arguments must fail where the single, threshold question at this stage of the litigation is whether Plaintiffs' Complaint states "a claim of violation of clearly established law"

against Landry. Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815, *citing* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This is the sole, relevant inquiry. Accordingly, it has long been held that "[t]he moving party is not required to meet its *summary judgment* burden for a claim of immunity." Hathaway v. Bazany, 507 F.3d at 319, emphasis added, *citing* Cousin v. Small, 325 F.3d 627, 632 (5th Cir. 2003). Instead, and at this early stage, "if the pleadings on their face show an unreasonable violation of a clearly establish constitutional right, the defense of qualified immunity will not sustain a motion to dismiss under Rule 12(b)(6)." Davis v. LeBlanc, CV10–01920, p. *2 (W.D.La. 04/16/2012), --- F.Supp.2d ---, 2012 WL 1854748, *citing* Shipp v. McMahon, 234 F.3d 907, 911–912 (5th Cir. 2001.), *cert. den.*, 532 U.S. 1052, 121 S.Ct. 2193 (2001).

Thus, in order to survive a motion to dismiss on qualified immunity, a plaintiff's allegations must simply portray an objectively unreasonable violation of a clearly established right. Warnock v. Pecos Cty., 116 F.3d 776, 779 (5th Cir. 1997), *citing* Seigert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991). In this regard, the first prong a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation. Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513 (2002). Plaintiff has fully met this requirement. The statute which Norred, Wale, and Parent alleged Plaintiff violated has been declared patently unconstitutional on too many occasions to list.

Plaintiff has alleged these Defendants conspired with other named parties "to create false and materially misleading arrest warrant affidavits as the necessary predicate to securing a formal warrant for Mr. McLin's arrest." Rec. Doc. 1, para. 63. Plaintiff has further generally alleged these Defendants "conspired to illegally arrest, incarcerate, and cause the prosecution of Mr. McLin." Rec. Doc. 1, para. 74. Plaintiff has alleged a motive for these Defendants' actions

(i.e., their "considerable emotional distress"). Rec. Doc. 2-1, p. 4. Finally, and importantly, Plaintiff has alleged the specific damages and constitutional violations which were attendant unto these Defendants' actions in swearing out materially false and fabricated affidavits. Rec. Doc. 1, paras. 83-84.

Notably, Plaintiff has alleged that these Defendants' actions causing his criminal arrest and prosecution were made and done in retaliation for Plaintiff's exercise of free speech—an "official action offending the Constitution" entitling Plaintiff unto recovery. Hartman v. Moore, 547 U.S. 250, 256, 126 S.Ct. 1695, 1701, 164 L.Ed.2d 441 (2006). Rec. Doc. 1, para. 6. In this regard, Plaintiff has alleged Defendant's interference with and/or violation of sacrosanct First Amendment principles of free speech and freedom of expression, and, accordingly, Defendants' violation of a "fundamental liberty interest protected by the Fourteenth Amendment." Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982). Without question, Plaintiff's allegations, taken as true, clearly establish Defendants' constitutional violations.

The second prong of a qualified immunity analysis questions whether the alleged constitutional violation violated clearly established statutory or constitutional rights of which a reasonable person would have known. Hope, 122 S.Ct. at 2515. For purposes of this analysis, an defendant's conduct is not objectively reasonable when "all reasonable officials would have realized the particular challenged conduct violated the constitutional provisions sued on." Pierce v. Smith, 117 F.3d 866 (5th Cir. 1997). The essence of Plaintiff's Complaint is that Defendants Norred, Wale, and Parent intentionally acted and otherwise conspired with the other Defendants to violate Plaintiff's known Constitutional rights. Rec. Doc. 1, para. 8. In this regard, Plaintiff has alleged these Defendants, as public, governmental officials, are specifically presumed to know the law. See, *e.g.*, Rykers v. Alford, 832 F.2d 895, 898 (5th Cir. 1987). Plaintiff has thus

alleged the unreasonable nature of the Defendants' conduct in a manner fully sufficient to withstand this second prong of the qualified immunity analysis.

Lastly Defendants allege that even if their qualified immunity defense is overcome, they are nevertheless entitled to dismissal of "plaintiff s claims against them for purported *respondeat superior* liability." Rec. Doc. 2, p. 3, para. 7. At the outset, this argument overlooks the dual nature of the Defendants' alleged liability—they have been specifically named in their personal and official capacities. Even should the Defendants succeed in obtaining a partial dismissal of Plaintiff's "official capacity" claims, they are assuredly not entitled to a complete dismissal of all Plaintiff's claims "in their entirety." Rec. Doc. 2, p. 3.

Plaintiff acknowledges well-accepted jurisprudence establishing "the sheriff, not the parish, is vicariously liable under La. C.C. Art. 2320 for a tort committed by a deputy sheriff." Nall v. Parish of Iberville, 542 So.2d 145, 149 (La.App. 1 Cir., 1989). Nevertheless, and in addition to being named in their respective personal capacities, these Defendants are also named as part of the controlling, managerial hierarchy within Livingston Parish's Home Rule Charter form of local government. In this capacity, these Defendants are liable for the actions of each other and/or any/all non-law enforcement party Defendants. As officials in a local government established under the Home Rule Charter, Defendants are provided with the authority to exercise any power and perform any function necessary, requisite, or proper for the management of Parish affairs. La. Const. Art. VI, Sec. 5.

In general, an employer is responsible for a tort committed by an employee if at the time of the tort the employee was acting within the course and scope of his employment. Varnado v. Dept. of Employment & Training, 687 So.2d 1013, 1041 (La.App. 1st Cir.1996), *writ denied*, 692 So.2d 394 (1997), citing La. C.C. Art. 2320. More pointedly, and as this Court recently

- 7 -

Case 3:13-cv-00538-SDD-RLB   Document 4   09/24/13   Page 7 of 10

stated: "Under Louisiana law, an employer is answerable for the damage occasioned by its employees in the exercise of the functions in which the employee is employed." <u>Bruno v. Cetco Oilfield Services Co.</u>, 6:11–cv–0837, p. *2 (01/12/2012), --- F.Supp.2d ---, 2012 WL 112868. Continuing, the <u>Bruno</u> court articulates the precise contours of the *respondeat superior* doctrine:

> An employer is liable for its employee's torts if the employee was acting within the course and scope of his employment when the tort was committed. An employee is acting within the course and scope of his employment when the employee's action is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. Whether an employee is within the course and scope of employment is a factual question.
>
> <u>Bruno v. Cetco Oilfield Services Co.</u> at p. *2, *citing* <u>Timmons v. Silman</u>, 1999-3264 (La. 05/16/00), 761 So.2d 507, 510, <u>Baumeister v. Plunkett</u>, 95-2270 (La. 05/21/96), 673 So.2d 994, 996, *and* <u>Orgeron v. McDonald</u>, 93-1353 (La. 07/05/94), 639 So.2d 224, 226-27.

The Louisiana Supreme Court in <u>Nall</u> opined that "a public officer in certain circumstances may be the officer of a particular political subdivision without being appointed by or under the direct control of that political subdivision." La. R.S. 42:1441.3(C). Thus, Plaintiff's allegations regarding these Defendants are made with sufficient breadth and expansiveness to subtend their "power or discretion in the functioning independently of the governing body of the parish." La. Const. Art. 5, Sec. 27. For that reason, and based upon the clearly-articulated political power of these elected Defendants, Plaintiff's allegations should be construed as broadly as possible for the purpose of establishing a sufficient causal connection between the Defendants' conduct and the Plaintiff's alleged constitutional violation. <u>Evett v. DETNTFF</u>, 330 F.3d 681, 689 (5th Cir. 2003).

**IV. CONCLUSION:**

The court's focus on a motion to dismiss is "restricted to the facts as alleged by the plaintiff." <u>Bell Atl. Corp. v. Twombly</u>, 550U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929

(2007), *as cited in* Carswell v. Air Line Pilots Ass'n Intern., 07–651 (D.D.C. 03/04/2008), 540 F.Supp.2d 107, 114.  Stated otherwise, Rule 12(b)(6) is not designed to avoid adversarial testing of a litigant's well-pleaded factual allegations.  Instead, the express purpose of a Rule 12(b)(6) motion is to assess legal feasibility of the complaint—"not to weigh the evidence which the plaintiff offers or intends to offer."  Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984), *as cited in* Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F.Supp. 1314, 1322 (S.D.N.Y. 1989).

Plaintiff has made the requisite factual allegations to support the liability of Norred, Wale, and Parent, and there is presently no colorable basis upon which to find either qualified immunity or a limitation of respondeat superior should apply.  As such, and for all the foregoing reasons, the Motion to Dismiss Filed by James R. "Jim" Norred, Jr., Cynthia G. "Cindy" Wale, and Chance McGrew Parent [Rec. Doc. 2] is without merit and should be denied.

Respectfully Submitted,

| | |
|---|---|
| **J. CHRISTOPHER ALEXANDER, SR., ESQ., LLC** | **SPRING & SPRING, LLC** |
| Attorney and Counselor at Law | Attorneys at Law |
| | |
| /s/ J. Christopher Alexander, Sr., Esq. | /s/ S. Stephen Spring, II, Esq. |
| J. Christopher Alexander, Sr., Esq. | S. Stephen Spring, II, Esq. |
| Louisiana Bar Roll No.: 26,591 | Louisiana Bar Roll Number: 12347 |
| 3751 Government Street, Suite "A" | 733 East Airport Avenue, Suite 104 |
| Baton Rouge, Louisiana 70806 | Baton Rouge, Louisiana 70806 |
| 225-761-9456 (telephone) | 225.932.9671 (telephone) |
| 225-761-7899 (facsimile) | 413.451.8923 (facsimile) |
| chris@jcalaw.us | springlaw@gmail.com |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record herein via delivery of this self-same document into the Court's electronic filing system, which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the   24th   day of September, 2013, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

           /S/ J. CHRISTOPHER ALEXANDER, SR., ESQ.           
J. Christopher Alexander, Sr., Esq.