**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ROYCE DENTON McLIN | CIVIL ACTION NO. |
| VERSUS | 13-538-SDD-RLB |
| JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF LIVINGSTON PARISH, ET AL. | |

**RULING**

This matter is before the Court on the *Motion for Entry of FRCP 54(b) Final Judgment*[1] by Defendants, James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew. In various *Rulings*,[2] the Court has dismissed all claims against these particular defendants. Co-Defendants Jason Ard, Sheriff of Livingston Parish, Benjamin Thomas Ballard, Jack A. Alford, Stan Carpenter, Brian P. Smith, Bonita Sager, and William Dorsey ("LPSO Defendants") have filed an *Opposition*[3] to this motion. For the following reasons, the Court does not believe a Rule 54(b) certification is proper in this case at this time.

In *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, the Fifth Circuit stated:

> Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more but fewer than all of

---

[1] Rec. Doc. No. 31.

[2] *See Rulings*, Rec. Doc. Nos. 6, 16, & 29.

[3] Rec. Doc. No. 32.

the claims … only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." … One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; **it should not be entered routinely as a courtesy to counsel.**[4]

The Court's *Rulings* dismissed all of Plaintiff's claims asserted in this matter against the moving Defendants, and is, therefore, an ultimate disposition of all of Plaintiff's claims as to these three defendants. Accordingly, the Court concludes that it is a final judgment as to the claims asserted against James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew. The Court's analysis, however, does not end here; the Court must now determine whether there is any just reason for delay.[5]

The determination of whether "there is no just reason for delay" lies "within the sound discretion of the district court."[6] However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[7] In making its determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"[8] One main factor that the court should

---

[4] 81 F. 3d 1412, 1421 (5th Cir. 1996)(citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985))(emphasis added).

[5] *First American Title Co. v. Titan Title, LLC*, 2012 WL 1065486, *1 (M.D.La. 3/28/02)("Once having found finality, the district court must go on to determine whether there is any just reason for delay.")

[6] *Ichinose v. Travelers Flood Ins.,* 2007 WL 1799673, *2 (E.D.La. 6/21/07).

[7] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980)(citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956)).

[8] *Ichinose v. Travelers Flood Ins.,* 2007 WL 1799673, *2 (E.D.La. 6/21/07) (citing *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)).

consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"[9] "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties."[10] The Fifth Circuit has also explained that "[w]hen some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness."[11]

In opposition to this motion, the LPSO Defendants have made this very argument: "[E]ntering a final judgment as to only those claims [against the moving Defendants] will result in potential prejudice to the LPSO defendants, as well as judicial inefficiency through piecemeal appeals and have the potential of inconsistent judgments."[12] The Court agrees.

After weighing the appropriate factors, the Court finds that the certification is inappropriate in this case. The Court concludes that the claims asserted against James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew, are not so distinct from the remaining claims to warrant certification. The Court further concludes that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment. Consequently, the possibility that

---

[9] *Id.* (citing *H & W Indus., Inc. v. Formosa Plastics Corp.*, USA, 860 F.2d 172, 175 (5th Cir. 1988)(quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980))).

[10] Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2659 (3rd ed. 1998).

[11] *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).

[12] Rec. Doc. No. 32, p. 3.

an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay.

Accordingly, the *Motion for Entry of FRCP 54(b) Final Judgment*[13] by Defendants, James R. "Jim" Norred, Cynthia G. "Cindy" Wale, and Chance McGrew is hereby DENIED.

Signed in Baton Rouge, Louisiana, on September 2, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. No. 31.