UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROYCE DENTON McLIN** | * | **CIVIL ACTION NO.: 13-538-SDD-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE: SHELLY D. DICK** |
| | * | |
| **JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF LIVINGSTON PARISH, ET AL.** | * * * | **MAG. JUDGE: RICHARD L. BOURGEOIS, JR.** |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

MAY IT PLEASE THE COURT:

Defendants, Jason Ard, Sheriff of Livingston Parish, State of Louisiana, Benjamin Thomas Ballard, Jack A. Alford, Stan Carpenter, Brian P. Smith, Bonita Sager, and William Dorsey (hereinafter, the "LPSO defendants"), respectfully submit this Memorandum in Support of their Re-Urged Motion to Dismiss. For the reasons more fully set forth below, it is submitted that all claims asserted against these defendants brought under federal law should be dismissed, with prejudice.

### INTRODUCTION

On August 16, 2013, plaintiff, Royce Denton McLin, filed suit against the LPSO defendants, as well as three members of the Livingston Parish Council (James Norred, Jr., Cynthia Wale, and Chance Parent). Therein, McLin claimed that his constitutional rights were violated when his home was searched pursuant to a search warrant and when he was issued a misdemeanor summons for having violated La. R.S. 44:47 ("Criminal Defamation"), which he alleges is an unconstitutional criminal statute.[1] In response to the Complaint, the LPSO defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6), arguing that plaintiff could not

---
[1] R. Doc. 1.

prevail on his illegal search claims because he had not pled any facts to support a claim that the search warrant was defective.[2] The LPSO defendants further argued that McLin was only issued a misdemeanor summons and was never seized under the Fourth Amendment; therefore, his claim for false arrest must also be dismissed. Finally, the LPSO defendants moved to dismiss plaintiff's First Amendment claims for violation of his right to free speech, arguing that the LPSO defendants' conduct was not severe enough to chill the speech of a person of ordinary firmness.

In its Ruling on the Motion to Dismiss, the Court dismissed plaintiff's First Amendment claims and his Fourth Amendment claims for false arrest.[3] However, the Court declined to dismiss plaintiff's claims for the illegal search of his home, stating that McLin had sufficiently pled that the search was based upon McLin's alleged violation of La. R.S. 44:47, which had previously been ruled unconstitutional, in part. Exercising their right to an immediate appeal from the denial of a motion to dismiss based on qualified immunity, the LPSO defendants appealed the Court's ruling to the United States Court of Appeals for the Fifth Circuit, arguing that the illegal search claims should have likewise been dismissed.[4]

On appeal, the LPSO defendants pointed out that nowhere in the original Complaint does McLin allege that the search warrant was based on the alleged unconstitutional criminal statute, La. R.S. 44:47. Rather, McLin had only pled that a search warrant had been issued for the search, and that the misdemeanor summons was issued for violating La. R.S. 44:47. The Fifth Circuit

---

[2]  R. Doc. 7.
[3]  R. Doc. 16.
[4]  R. Doc. 20.

- 3 -

agreed, and remanded this case with instructions to allow plaintiff to amend his Complaint in an attempt to plead facts supporting an illegal search claim.[5]

McLin has now filed an Amended Complaint.[6] However, the Amended Complaint is still insufficient to state a cause of action against defendants. Indeed, plaintiff now actually alleges that the search warrant was not based exclusively upon La. R.S. 44:47; rather, it also sought evidence of a violation of Louisiana's Cyberstalking statute, La. R.S. 14:40.3.[7] There is no question that Cyberstalking remains a valid and punishable crime in Louisiana. Thus, McLin has alleged that the search warrant was based, at least in part, upon an enforceable statute. A search supported by a search warrant based upon an enforceable crime does not violate the Fourth Amendment, and McLin has not pled any facts that would establish that his rights were violated. Further, even if the search warrant was based only upon the Criminal Defamation statute, La. R.S. 14:47, the LPSO defendants are entitled to qualified immunity because that statute has only been ruled unconstitutional under certain, specific circumstances. Since the LPSO defendants sought and received a warrant from a neutral magistrate, who found probable cause existed to search McLin's home, they should be shielded from liability, and McLin's claims should be dismissed, with prejudice.

Even if the search warrant was wholly improper, plaintiff's illegal search claims are prescribed. Section 1983 does not contain a statute of limitations; therefore, a federal court borrows the forum state's general personal injury limitations period.[8] In Louisiana, there is a one-year prescription period for delictual actions.[9] Claims for illegal search under § 1983 accrue

---

[5] R. Doc. 41.

[6] R. Doc. 35.

[7] R. Doc. 35, ¶ 8.

[8] *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993), *citing Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

[9] *See Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989); La. Civ. Code art. 3492.

on the day of the search and are delictual in nature.[10] Thus, plaintiffs had one year from the date of the allegedly illegal search, June 11, 2012, to bring their claims against the defendants. As set forth below, plaintiff did not bring the claims against the LPSO defendants until August 16, 2013, after the prescriptive period had expired.

Finally, it appears that plaintiff is attempting to assert a new cause of action in the Amended Complaint for civil rights conspiracy. Plaintiff has not pled any allegations or facts that would establish the requisite elements of that claim. Accordingly, and for these reasons, all of plaintiff's remaining federal law claims should be dismissed, with prejudice.

## LAW AND ARGUMENT

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the Complaint, whereby the court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy.[11] A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.[12]

As the Fifth Circuit explained in *Gonzalez v. Kay:*

> Factual allegations must be enough to raise a right to relief above the speculative level. The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. It

---

[10] *Colomb v. Grayson*, No. CIV.A. 07-2171, 2012 WL 4194501, at *4 (W.D. La. Sept. 18, 2012).
[11] *Ramming v. U.S*, 281 F.3d 158, 161 (5th Cir. 2001).
[12] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

follows that "**where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.**'"[13]

The Supreme Court, in *Ashcroft v. Iqbal*, explained that this plausibility standard is not akin to a "probability requirement," but it asks for more than a mere possibility that a defendant has acted unlawfully.[14] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[15] "**A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'**"[16] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[17]

Most importantly, the Supreme Court held in *Iqbal* that "the tenant that a court must accept as true all of the allegations contained in a complaint **is inapplicable to legal conclusions**."[18] Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."[19] The Court, quoting *Twombly*, acknowledged that a plaintiff cannot open the door to discovery by pleading only conclusions:

> Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions**.[20]

---

[13] 577 F.3d 600, 603 (5th Cir. 2009) (emphasis added).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Id*.

[16] *Id* (emphasis added).

[17] *Id*.

[18] *Id*. (emphasis added).

[19] *Id*. (emphasis added).

[20] *Id*. at 678–679. (emphasis added).

Here, the facts pled in plaintiff's Amended Complaint do not support a plausible claim for an illegal search of his home. He has pled that the search was conducted pursuant to a warrant that was based on a valid and enforcement criminal statute. He has also failed to assert his claim before prescription expired. Defendants' motion to dismiss should be granted.

> **I.    McLin's Amended Complaint fails to allege facts sufficient to state a claim for an illegal search of his home.**

In order to plead a claim under § 1983, plaintiff must plead facts demonstrating that he can overcome both prongs of the qualified immunity defense afforded to defendants. The defense of qualified immunity requires the Court to engage in a well-established two step analysis: (1) the court first determines whether the plaintiff has alleged the violation of a statutory or constitutional right; (2) the court then determines whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[21] The Amended Complaint does not contain sufficient facts to demonstrate that McLin can overcome either of these prongs.

As the Court is aware, all of McLin's federal claims have been dismissed except for his claim that his home was searched in violation of the Fourth Amendment.[22] With respect to that claim, plaintiff's Amended Complaint specifically alleges that a search warrant was issued for his home prior to the search being executed.[23] The Amended Complaint further alleges the application for the search warrant attested that "[b]ased on Louisiana Law of Defamation and Cyberstalking" the affiant suspects that McLin violated Louisiana law.[24] Thus, the Amended Complaint affirmatively alleges that the search of McLin's home was supported by a search

---

[21] *Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008).

[22] R. Doc. 16.

[23] R. Doc. 35, ¶ 5.

[24] R. Doc. 35, ¶ 8.

warrant, and that the search warrant was based on probable cause that McLin had violated the Criminal Defamation statute **and** the Cyberstalking statute.

It is well settled that the defendants can only be liable for violation of a constitutional right under § 1983 when it is found that their conduct was objectively unreasonable.[25] But, "[w]here the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner."[26] The existence of a warrant gives the officers a "shield of immunity" that will only be lost when certain very limited exceptions are present.[27] As the Supreme Court has explained, "in the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination because it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment."[28]

While there may be some instances where a warranted search can be unreasonable—e.g., where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable[29]—McLin has not pled facts that would support such a finding in this case. He has not pled a valid claim for an illegal search of his home.

### A. McLin has pled that the search warrant was based upon a valid and enforceable criminal statute.

An extremely important fact that McLin has added to his Amended Complaint is the allegation that the search warrant at issue was based, at least in part, on a valid and enforceable

---

[25] *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007).

[26] *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012)

[27] *Id.*

[28] *Id.* (internal citations and quotations omitted).

[29] *United States v. Leon*, 468 U.S. 897, 922–923 (1984).

criminal statute; namely, Cyberstalking.[30] The Court needs to look no further than this allegation to dismiss McLin's illegal search claim since he now concedes that the search was warranted and based on an enforceable criminal statute. Since the officer's conduct is judged by an objective standard, after examining the totality of the circumstances,[31] it follows that, as long as there was some valid basis for the search warrant, it should afford the officers the "shield of immunity" described in *Messerschmidt, supra*. McLin has pled no facts that would establish the invalidity of that warrant and, therefore, he has not pled that this immunity would be lost. In other words, he has not pled a plausible claim for an illegal search of his home.

Despite his concession that the search warrant was based on a criminal statute that is fully enforceable, McLin adds allegations in the Amended Complaint that assert that the search violated the Fourth Amendment, regardless of which criminal statute the search warrant was based upon. However, all of these allegations are conclusory in nature, and are not supported by any facts. Thus, these allegations are not entitled to a presumption of the truth and cannot form the basis of plaintiff's unlawful search claim. Moreover, no facts have been pled to demonstrate that he can overcome the LPSO defendants' qualified immunity.

In the Amended Complaint, McLin alleges that his home was "searched, pillaged, and a wide array of his family's computers seized upon the basis of a constitutionally-defective search warrant which was itself facially invalid insofar as the said search warrant sought evidence that McLin acted in derogation of La. R.S. 14:47."[32] Of course, by claiming that the search warrant sought evidence of a violation of La. R.S. 14:47, this allegation is misleading and incomplete. As previously discussed, plaintiff admits that the search warrant was not based exclusively upon La. R.S. 14:47; rather, it sought evidence of a violation of Louisiana's Cyberstalking statute, as

---

[30] R. Doc. 35, ¶ 8.
[31] *Illinois v. Gates,* 462 U.S. 213, 238 (1983).
[32] R. Doc. 35, ¶ 63.

well.[33] Thus, the search warrant was not facially invalid or constitutionally-defective because the Cyberstalking statute has never been ruled unconstitutional. As long as a valid basis existed for the warrant to issue, it will shield the officers from liability.

Plaintiff goes on to allege that "this search warrant was itself facially in derogation and violation of Plaintiff's Fourth Amendment right against unconstitutional search" and that "neither Ballard, Alford, Carpenter, Smith, Sager, nor Dorsey *ever* possessed *any* information which would be sufficient to give probable cause for the Affidavits of Probable Cause confected by Ballard (and ratified by the other law enforcement officials) [and/or] the search warrant for McLin's home . . ."[34] He also alleges that, "[u]pon information and belief, Mr. McLin's facially-invalid search warrant and arrest warrants arose from the false statements made by Defendants Ballard, Alford, Carpenter, Smith, Sager, Dorsey, Norred, Wale, and/or Parent."[35] But these statements are nothing more than conclusions of law that are not supported by any facts.

As the Supreme Court explained in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."[36] A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[37] Applying the principles, the Court in *Iqbal* found that allegations that the defendant "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no penological interest'" were nothing more than bare assertions and a formulaic

---

[33] R. Doc. 35, ¶ 8.
[34] R. Doc. 35, ¶¶ 62, 85 (emphasis in original).
[35] R. Doc. 35, ¶ 89.
[36] 556 U.S. at 678.
[37] *Id*.

recitation of the elements of the cause of action. "In sum, the allegations are conclusory and not entitled to be assumed true."[38]

Here, McLin doesn't provide any facts whatsoever to support his conclusory allegations. He does not plead facts demonstrating how the search warrant was "facially in derogation and violation of Plaintiff's Fourth Amendment right." Nor does he set forth facts that could demonstrate that the defendants lacked probable cause to believe that evidence of a violation of the Cyberstalking statute may have been present in his home. Nor does he provide facts demonstrating what "false statements" were made by defendants.

In fact, although McLin acknowledges and admits that the search warrant was based, in part, on a valid and enforceable criminal statute (Cyberstalking), he fails to provide any further discussion regarding that statute. He provides no facts to establish that his conduct did not meet the elements of "Cyberstalking." He sets forth no facts or discussion as to how or why any defendant lacked probable cause to believe McLin had violated that statute. And he provides nothing to support his charge that the search warrant was facially invalid. Instead, plaintiff simply ignores the fact that the search warrant application cited a valid and enforceable criminal statute upon which the search was based. Plaintiff simply has not pled facts that would demonstrate that his Fourth Amendment rights were violated by the warranted search.

> **B.     Even if the search warrant was based solely on the Criminal Defamation statute, plaintiff has not pled sufficient facts to overcome the LPSO defendants' qualified immunity.**

As noted, McLin has now conceded that the search warrant was not based exclusively upon an unconstitutional criminal statute. Nevertheless, if the search warrant was based on the Criminal Defamation statute, McLin still has not pled sufficient facts to show that such a search would have violated his rights. Specifically, McLin fails to demonstrate that he can overcome the

---

[38] *Id*. at 681.

LPSO defendants' qualified immunity, especially when the second prong of the analysis is considered. In other words, plaintiff has not pled facts demonstrating that the law was so clearly established that every reasonable officer would know that the LPSO defendants' conduct violated the law.

In further support of this motion to dismiss, the LPSO defendants adopt and incorporate by reference their previous arguments regarding the Criminal Defamation statute, which were discussed in their original Motion to Dismiss (R. Doc. 7-2, pp. 5–8), their Reply Memorandum in Support of the Motion (R. Doc. R. Doc. 11, pp. 5–9), and in their Motion to Reconsider Court's Ruling on Defendants' Motion to Dismiss (R. Doc. 17-1, pp. 5–8).

## II. McLin's claim that his home was searched in violation of the Fourth Amendment is prescribed.

Even if McLin has stated a claim for the illegal search of his home, that claim is prescribed. Section 1983 does not contain a statute of limitations; therefore, a federal court borrows the forum state's general personal injury limitations period.[39] In Louisiana, there is a one-year prescription period for delictual actions.[40] Claims for illegal search under § 1983 accrue on the day of the search and are delictual in nature.[41] Under Louisiana law, "[p]rescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue."[42] Thus, plaintiff had one year from the date of the alleged illegal search, June 11, 2012, to file his action against the LPSO defendants.[43]

However, McLin did not file his original Complaint until August 6, 2013; more than a year after the search of his home was conducted. When the face of the Complaint reflects that

---

[39] *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993), *citing Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

[40] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989); La. Civ. Code art. 3492.

[41] *Colomb v. Grayson*, No. CIV.A. 07-2171, 2012 WL 4194501, at *4 (W.D. La. Sept. 18, 2012).

[42] La. Civ. Code Art. 3462.

[43] Plaintiff's Complaint (R. Doc. 1, ¶ 49) and Amended Complaint (R. Doc. 35, ¶ 69) allege that McLin's home was searched on June 11, 2012.

more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the prescriptive period has been interrupted or tolled.[44] Nothing in this case interrupted or suspended the running of prescription. Because McLin did not file his illegal search claims within the applicable time period, his claims are prescribed, and should be dismissed with prejudice.

### III.     McLin's new claim for Civil Conspiracy must be dismissed.

Finally, it appears that McLin has taken the opportunity in his Amended Complaint, not only to attempt to cure the defects in the original Complaint (as recognized by the Fifth Circuit), but also to assert an entirely new cause of action for civil rights conspiracy. Specifically, the Amended Complaint alleges that "Plaintiff specifically alleges that each, every, and all of the named party Defendants were engaged in a civil rights conspiracy as that term is expressed and elucidates in Hampton v. Hanrahan, 600 F.2d 600, 620–24 (7th Cir. 1979), *cert granted in part, judgment rev'd in part on other grounds*, 446 U.S. 754, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980)." The "civil rights conspiracy" claim addressed in *Hampton* is codified at 42 U.S.C. § 1985(3).

First, McLin's new allegations regarding a civil rights conspiracy are so vague, it is impossible to determine whether that claim is prescribed. Specifically, no facts are pled that would establish when the alleged civil rights conspiracy occurred, or whether that claim arises "out of the conduct, transaction, or occurrence set out . . . in the original pleading," such that the new claim would relate back to the original complaint. Fed. R. Civ. P. 15(c)(1)(B). To the extent

---

[44] *Allen v. Holden*, CIV.A. 10-0753-JJB, 2012 WL 3902401 (M.D. La. Aug. 15, 2012). *See also Cook v. Lamont*, CIV.A. 11-00358-BAJ, 2013 WL 325557 (M.D. La. Jan. 28, 2013) ("Although a defendant asserting a limitations defense under Louisiana law normally has the burden of establishing the elements of the defense, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled when the face of the Complaint reflects that more than a year has passed since the events complained of." (citations omitted)).

any of the conduct arose more than one year prior to the assertion of these claims, they are prescribed and should be dismissed.

Moreover, in the event plaintiff is permitted to assert this new claim at this time, he has not pled facts that would state a claim for civil rights conspiracy. In order to state a cognizable claim under § 1985(3), a plaintiff must allege that (1) a racial or class-based discriminatory animus lay behind the conspiracy **and** (2) the conspiracy aimed to violate rights protected against private infringement. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). Unless McLin alleges facts to establish both of these elements, he has failed to state a claim for civil rights conspiracy. The Amended Complaint makes no allegations of any racial or class-based discriminatory animus. Nor has McLin pled any facts that would support such an allegation.

Further, it is well-settled that a plaintiff cannot maintain a conspiracy claim without an underlying legal violation. *George v. Harris Cnty., Tex., No.*, 2012 WL 2744332, at *17 (S.D. Tex. July 9, 2012), *citing Britt v. Jackson Cnty., Miss.*, 2012 WL 2460534, at *8 (S.D.Miss. June 27, 2012). Accordingly, even if McLin had alleged the elements of a civil rights conspiracy claim, if the illegal search claim is dismissed, the civil rights conspiracy claim must be dismissed since there would have been no underlying legal violation.

## I.   CONCLUSION

McLin's Amended Complaint still fails to state a cause of action under federal law against the LPSO defendants. McLin has pled that the search of his home and seizure of his property were conducted pursuant to a search warrant based, at least in part, on a valid and enforceable criminal statute. He has not provided any facts to demonstrate the invalidity of that warrant; thus, the search was *per se* reasonable and did not violate his rights. Moreover, McLin

has failed to plead facts that would establish that every reasonable officer would know that the defendants' actions violated McLin's rights. Finally, McLin failed to file his illegal search claims within the applicable prescriptive period; therefore, for this reason as well, the claim must be dismissed.

To the extent McLin's Amended Complaint attempts to plead a new cause of action for civil rights conspiracy, he has likewise failed to state a claim upon which relief can be granted for the reasons stated above, and this Court should dismiss any such claims under §1985 against the LPSO defendants.

Finally, because plaintiff has already been afforded the opportunity to amend his Complaint, his claim should now be dismissed with prejudice, as it is evident he is unable to state a claim against the LPSO defendants.

WHEREFORE defendants, Jason Ard, Sheriff of Livingston Parish, State of Louisiana, Benjamin Thomas Ballard, Jack A. Alford, Stan Carpenter, Brian P. Smith, Bonita Sager, and William Dorsey, pray that the Court grant their Re-Urged Motion to Dismiss, dismissing all claims asserted against them under federal law, with prejudice.

        RESPECTFULLY SUBMITTED,

        **BREAZEALE, SACHSE & WILSON, L.L.P.**
        One American Place, 23rd Floor
        Post Office Box 3197
        Baton Rouge, Louisiana 70821-3197
        Telephone: 225/387-4000
        Facsimile:  225/381-8029
        Email: Cullen.Dupuy@bswllp.com
        Email: Druit.Gremillion@bswllp.com

        /s/ *Druit G. Gremillion, Jr.*
        Cullen J. Dupuy, T.A. (La. Bar Roll No. 22345)
        Druit G. Gremillion, Jr. (La. Bar Roll No. 33867)