**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ROYCE DENTON McLIN                                    CIVIL ACTION

VERSUS                                                          13-538-SDD-RLB

JASON GERALD ARD, IN HIS
CAPACITY AS SHERIFF OF
LIVINGSTON PARISH, ET AL.

<u>RULING</u>

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants,

Jason Ard, Sheriff of Livingston Parish, State of Louisiana, Benjamin Thomas Ballard,

Jack A. Alford, Stan Carpenter, Brian P. Smith, Bonita Sager, and William Dorsey ("the

Defendants").   Plaintiff, Royce Denton McLin ("Plaintiff"), has filed an *Opposition*[2] to this

motion, to which Defendants filed a *Reply.*[3]  For the reasons which follow, the Court finds

that the Defendants' motion should be granted.

**I.      BACKGROUND**[4]

Plaintiff filed suit against the above-named Defendants, often referred to as the

"Livingston Parish Sheriff's Office (LPSO) Defendants," along with three members of the

Livingston Parish Council.   Plaintiff claimed his constitutional rights were violated when

---

[1] Rec. Doc. No. 42.
[2] Rec. Doc. No. 48.
[3] Rec. Doc. No. 49.
[4] A more detailed factual background is contained in the Court's previous *Ruling*, Rec. Doc. No. 16.
30521

his home was searched, pursuant to a search warrant, and he was issued a misdemeanor summons for criminal defamation.[5]  The LPSO Defendants filed a *Motion to Dismiss*, and the Court granted Defendants' motions as to Plaintiff's First Amendment claims and his Fourth Amendment claims for false arrest.[6]  The Court denied the motion to dismiss the claim for the illegal search of Plaintiff's home, finding that the search was based in part on a statute which had been ruled unconstitutional.  The LPSO Defendants appealed this decision to the Court of Appeals for the Fifth Circuit, arguing that nowhere in the original *Complaint* did Plaintiff allege that the search warrant was based on the unconstitutional statute, La. R.S. 44:47; it was only pled that the misdemeanor summons was for violating La. R.S. 44:47.  The Fifth Circuit agreed and remanded the case to the Court to allow the Plaintiff to amend his *Complaint* to allege facts supporting his illegal search claim.[7]

Plaintiff amended his *Complaint*,[8] and the LPSO Defendants have again moved to dismiss Plaintiff's remaining claim. Plaintiff's *Complaint* has been amended to allege that the search warrant was based, not only on La R.S. 44:47 but also, on an alleged violation of Louisiana's Cyberstalking statute codified at La. R.S. 14:40.3.[9]  The Defendants contend that the cyberstalking statute remains a valid and punishable crime in Louisiana; thus, Plaintiff has alleged that the search warrant was, at least in part, based on an enforceable criminal statute, which would not violate the Fourth Amendment.  The

---

[5] La. R.S. 44:47.
[6] Rec. Doc. No. 16.
[7] Rec. Doc. No. 41.
[8] Rec. Doc. No. 35.
[9] *Id.* at p. 4, ¶ 8.
30521

Defendants also maintain that they are entitled to qualified immunity.  Finally, Defendants claim that Plaintiff's illegal search claims are prescribed under Louisiana law and that Plaintiff fails to state a claim for civil conspiracy.

## II.      LAW & ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]  However,

---

[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

30521

"[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

### B. Prescription

While Defendants vigorously argue that Plaintiff has failed to state a claim for the illegal search of his home, the Defendants contend that, even if Plaintiff had stated such a claim, it has prescribed.  The date of the allegedly illegal search was June 11, 2012.  Plaintiff did not file his original *Complaint* until August 6, 2013, more than a year after the search of his home took place.  Defendants contend that Section 1983 actions are subject to Louisiana law's personal injury statute of limitations period of one year.  Because more than one year passed between the illegal search and the filing of Plaintiff's original *Complaint*, Defendants contend this claim has prescribed.

Plaintiff acknowledges that the allegedly illegal search of his home took place on June 11, 2012.  He claims the devices seized from the home were delivered by the LPSO

---

[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
30521

Defendants to Louisiana State Police on or about June 13, 2012 and were returned to the LPSO Defendants on approximately July 23, 2012.  These items were not returned to Plaintiff until August 16, 2012, which is also the date Plaintiff claims he learned of the false charges pending against him and the corresponding arrest warrants.  While citing *Colomb v. Grayson*, which holds that a claim for unlawful arrest or search accrues at the time of arrest or search,[19] Plaintiff curiously argues that the prescriptive period should not commence in this case until the date the unlawful arrest ended, which Plaintiff contends would be the date the search concluded and possession of his property was restored on August 16, 2012.

The Fifth Circuit has held that Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury which is the basis of the action."[20]  Generally, for false arrest and false imprisonment type claims, the limitations period begins to accrue when the plaintiff is held pursuant to legal process, such as when the plaintiff is bound over by a magistrate or arraigned on charges.[21]   Federal law determines when Section 1983 claims accrue, but state law determines the prescriptive period.[22]  Thus, Plaintiff's Section 1983 claim is subject to Louisiana's one-year prescriptive period.[23]

---

[19] Rec. Doc. No. 48, p. 7, citing *Colomb v. Grayson*, No. 07-2171, 2012 WL 4194501 at *4 (W.D. La. Sep. 18, 2012).

[20] *Lavallee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir.1975)).

[21] *Colomb*, 2012 WL 4194501, at *3, citing *Wallace v. Kato,* 549 U.S. 384, 389–390 (2007).

[22] *Burge v. Parish of St. Tammany*, 996 F.2d 786, 787 n. 1 (5th Cir.1993).

[23] *Id.*

30521

While the *Colomb* court did hold that the plaintiff's prescriptive period began to run, at the latest, on the date she appeared before a Magistrate and was released on bond,[24] the court also unequivocally stated:  "The same rationale applies to claims relating to an alleged illegal search, as the statute of limitations began to run at the time of the search."[25] Nothing in *Colomb* implies that the statute of limitations in the present case should begin to run when the seized items are returned as argued by Plaintiff; rather, the law clearly states that prescription begins to run at the time of the search in the case of an alleged illegal search.  Moreover, the Fifth Circuit has held that "a claim generally accrues 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured' and that there is a connection between his injury and the defendant's actions."[26]  In this case, that date was on June 11, 2012 when Plaintiff knew that his property was seized pursuant to a search warrant.  Accordingly, the Defendant's *Motion to Dismiss* the illegal search claims is GRANTED.[27]

### C.  Civil Conspiracy Claim

The Defendants also move to dismiss what they allege is a newly asserted claim of civil conspiracy in Plaintiff's *Amended Complaint*.[28]  Defendants contend this new claim is vague, prescribed, and fails to state a claim because the Fifth Circuit requires that a

---

[24] *Colomb*, 2012 4194501 at * 4.

[25] *Id.*, citing *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir.1995) (claim for unlawful arrest or search accrues at time of arrest or search).

[26] *Madis v. Edwards*, No. 09-20062, 347 F. Appx. 106, 108 (5th Cir. 2009)(*quoting Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.2001) (internal quotation marks and citation omitted).

[27] The Court notes that it would find in the alternative that Plaintiff has failed to state a claim for an alleged illegal search since the search warrant was based, at least in part, on a valid and enforceable criminal statute.  Plaintiff essentially concedes this point in his *Opposition. See* Rec. Doc. No. 48, p. 3.

[28] Rec. Doc. No. 35, p. 17, ¶ 92.

30521

cognizable claim for criminal conspiracy must allege a racial or class-based discriminatory animus, allegations that are absent in Plaintiff's original or *Amended Complaint*.

Plaintiff counters that the civil conspiracy claim is not new and refers to the exact, verbatim copy of the same paragraph in the original *Complaint*.[29]  Plaintiff also contends that Defendants erroneously argue that a civil conspiracy claim requires a race-based animus.  Plaintiff claims he satisfies the requirements of Section 1985 because he alleges class-based discriminatory animus based on his political beliefs or affiliations.  Plaintiff contends he was targeted by the Defendants based on his political affiliations and political speech.

Section 1985(3) prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."[30]  To prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"[31]  Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means

---

[29] Rec. Doc. No. 1, pp. 13-14, ¶ 78.
[30] 42 U.S.C. § 1985.
[31] *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983)).
30521

there must be some racial or perhaps otherwise class-based, invidiously discriminatory

animus behind the conspirators' actions."[32]

In *Marceaux v. Lafayette City-Parish Consol. Government*,[33] the court rejected

precisely the same argument being forged by Plaintiff in the case before the Court:

> In this case, however, the plaintiffs have not alleged that the 'Stanley-Craft organization' was motivated by racial animus, alleging instead that the conspiracy's motivation was to silence the voices of those who would disagree with it, resulting in a violation of the plaintiffs' free speech rights. Accordingly, the undersigned finds that the plaintiffs have not alleged facts sufficient to state a valid claim under § 1985(3).[34]

The Fifth Circuit has also plainly held:

> "In this circuit, we require an allegation of a race-based conspiracy" to present a claim under § 1985(3). *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir.2000), *cert. denied*, 531 U.S. 1145, 121 S.Ct. 1081, 148 L.Ed.2d 957 (2001).  Horaist has alleged no racial animus, so her claim fails; the district court correctly dismissed it under Fed.R.Civ.P. 12(b)(6).[35]

Accordingly, Plaintiff has failed to state a claim for civil conspiracy under binding

jurisprudence.  Defendants' *Motion to Dismiss* Plaintiff's civil conspiracy claim is also

GRANTED.[36]

---

[32] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).
[33] 921 F.Supp.2d 605 (W.D. La. 2013).
[34] *Id.* at 642.  *See also Lockett v. New Orleans City*, 639 F.Supp.2d 710, 726 (E.D. La. 2009)("Lockett's conspiracy claims necessarily fail under the intracorporate conspiracy doctrine. Likewise, the MP Defendants argue that Lockett's § 1985 claims fail because they have not made a showing of any racial animus, a required element of the § 1985 action.").
[35] *Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2003).
[36] The Court notes that Plaintiff's civil conspiracy claim would also likely fail under the intracorporate conspiracy doctrine, which bars conspiracy claims between individual agents of a corporation or public entity.  "[I]t is well-settled law in the Fifth Circuit that agents acting on behalf of a single legal entity cannot conspire with themselves or with the entity." *See Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir.1994). However, the parties did not raise this issue, and the Court makes no specific finding in this opinion.
30521

## III.    CONCLUSION

For the reasons set forth above, the LPSO Defendants' *Motion to Dismiss*[37] is GRANTED.   Plaintiff's illegal search and seizure claim and civil conspiracy claim are dismissed with prejudice for failure to state a claim.   Furthermore, it appears that all of Plaintiff's federal claims have been dismissed with prejudice in this case.   The Court declines to exercise supplemental jurisdiction[38] over the state law claims alleged, and those claims are dismissed without prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 5, 2016</u>.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. 42.
[38] 28 U.S.C. § 1367.
30521